# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DAYS INN WORLDWIDE, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**A1 HOTELS, LLC** *et al.*,<br><br>Defendants. | Civ. No. 13-2349 (WJM)<br><br>**ORDER & JUDGMENT** |

**THIS MATTER** comes before the Court on Plaintiff's unopposed motion for default judgment against A1 Hotels, LLC, Jagmeet S. Bhamber, Neelam Chawla, and Raj Gill ("Defendants") pursuant to Federal Rule of Civil Procedure 55(b)(2). Plaintiff commenced this action by filing a Complaint on March 12, 2013. (ECF No. 1) Plaintiff served the Complaint on Defendant Bhamber on April 19, 2013 (ECF No. 6); on Defendant Chawla on April 24, 2013 (ECF No. 5); on Defendant Gill on April 29, 2013 (Certification of Bryan P. Couch, Exhibit B); and on Defendant A1 Hotels LLC on June 14, 2013 (Certification of Bryan P. Couch, Exhibit D). The time for Defendants to answer or otherwise respond to the Complaint expired on July 5, 2013. *See* Fed. R. Civ. P. 12(a). To date, Defendants have failed to answer or otherwise respond to the Complaint. Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk entered a Default against Defendants on

1

July 16, 2013. (ECF No. 7) Plaintiff filed the instant motion for default judgment on September 13, 2013, and served Defendants with notice of the motion on September 9, 2013. (ECF No. 8) No opposition has been filed.

"Before imposing the extreme sanction of default, district courts must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

In this case, the Court finds that the facts set forth in the Complaint, the motion, and the attached exhibits merit entry of a default judgment. First, the Court finds that there is no basis for Defendants to claim a meritorious defense, as Plaintiff provided ample evidence that Defendants entered into and then breached a license agreement with Plaintiff. *See Days Inns Worldwide, Inc. v. LT Hospitality, Inc.*, No. 10-6125, 2011 U.S. Dist. LEXIS 76459, at *5-6 (D.N.J. July 14, 2011). Second, it is clear that Plaintiff has been prejudiced by Defendants' failure to answer because Plaintiff has incurred additional costs, has been unable to move forward with the case, and has been delayed in receiving relief. *See Malik v. Hannah*, 661 F. Supp. 2d 485, 490-91 (D.N.J. 2009). Third, where, as here, Defendants have failed to respond, there is a presumption of culpability. *See*

*Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 U.S. Dist. LEXIS 115142, at *10 (D.N.J. Oct. 5, 2011).

The Court further finds that Plaintiff has submitted sufficient evidence to support its request for damages pursuant to Federal Rule of Civil Procedure 55(b), and has submitted a reasonable request for attorneys' fees and costs in accordance with Local Civil Rules 54.1 and 54.2.

For the foregoing reasons and for good cause shown;

**IT IS** on this 7th day of October 2013, hereby,

**ORDERED** that final judgment is entered in favor of Plaintiff and against Defendants, jointly and severally, in the total amount of $261,525.47, comprised of the following:

    (1)    $118,500 in liquidated damages

    (2)    $60,017.88 in prejudgment interest

    (3)    $77,847.48 in recurring fees

    (4)    $3,900.00 in attorneys' fees

    (5)    $1,260.11 for costs of suit

                                /s/ William J. Martini
                                _____
                              **WILLIAM J. MARTINI, U.S.D.J.**